## Foulke *versus* West Bethlehem Township.

1. The Bounty Act of March 15th 1865 and the Washington County Act of April 23d 1864, do not, *ex proprio vigore*, impose a liability upon a school district to pay bounties; they fix no indebtedness on a district without the act of its officers.

2. If the directors offer a bounty unconditionally and a substitute is afterwards put in, it would be assumed that he had done so on the faith of the proposition, and there would be the elements of a contract.

3. A resolution by the directors to offer a bounty, was reconsidered and postponed, and three days after a substitute was furnished. *Held*, that there was no obligation to pay the principal the bounty.

ERROR to the Court of Common Pleas of *Washington county*.

This was an action of assumpsit, commenced November 18th 1865, between David Foulke and The School Directors of West Bethlehem township, in which the parties agreed upon the following facts in the nature of a special verdict :—

" Under the requisition of the President of the United States for 300,000 men, for the purpose of establishing the lawful authority of the government, West Bethlehem township, in said county, was called upon to furnish a number of her male citizens between the ages of twenty-one and forty-five. This call was made by the President on the 19th day of December 1864, and was the last call made for the purpose mentioned as aforesaid.

" The plaintiff is a citizen of said township between the ages aforesaid, and on the 16th day of March, A. D. 1865, furnished a substitute to the United States, who was duly mustered into the service for one year, and placed to the credit of the said township, the said plaintiff paying to the said volunteer substitute the sum of $600.

" The school board of said township, at a public meeting at the urgent solicitation of citizens of said township, met on the 11th day of March 1865, at Hillsborough, and passed unanimously a resolution to levy a tax to the full extent of the law, for the purpose of paying a bounty to volunteers to be credited to said township, provided that a sufficient amount should be raised by voluntary contributions to make up the sum of $600 ; which amount, as believed by the board, was raised. At a meeting of the said board on the 13th day of March 1865, the former action of the board was reconsidered, *but not rescinded.* All action in reference to the said levy was simply postponed, in order to ascertain certain facts.

" In the month of March 1865, after the 17th day of said month, the board met and resolved to issue bonds in place of levying a tax, as mentioned in the first resolution, with the understanding that if a sufficient amount of money was not raised by the sale of said bonds to make $400 to each and every volunteer

[Foulke *v.* West Bethlehem Township.]

of the entire quota of said township, then all action in reference to the matter to be rescinded.

" The bonds aforesaid were not sold.

" That the plaintiff has made demand of the said school directors for the said sum of $400, or a bond therefor, payable with interest from the 16th day of March 1865; which demand has been refused. If the court should be of opinion that the plaintiff is entitled to a bond for $400, or that amount, with interest from the 16th day of March 1865, then judgment for plaintiff for the amount aforesaid; otherwise, judgment in favor of defendants for costs."

The court (Ewing, P. J.) entered judgment on the case stated for the defendants; which was assigned for error.

*Braden & Miller,* for plaintiff in error, cited Acts of March 25th 1864, Pamph. L. 85; August 25th 1864, Id. 1022; March 15th 1865, Pamph. L. 24; Act for Washington Co., April 23d 1864, § 1, Pamph. L. 553; Weister *v.* Hade, 2 P. F. Smith 474.

No counsel appeared for the defendants in error.

The opinion of the court was delivered, November 12th 1866, by STRONG, J.—In a case decided at this term, we held that the Act of Assembly of the 25th of August 1864, entitled, " A supplement to an act relating to the payment of bounties to volunteers," imposed no obligation to pay bounties upon a school district. We expressed the opinion that the 3d section created no liability, but merely provided for its transfer in certain cases, if the school directors elected to assume one. It is equally plain that the Act of the 15th of March 1865, entitled, " A further supplement to an act relating to the payment of bounties to volunteers," and the special act relating to the payment of volunteers in Washington county, do not, *ex proprio vigore*, impose any liability. They are enabling acts, and they make no attempt to fasten upon a school district any indebtedness independent of the action of the officers of the district. The plaintiff in this case has therefore no legal claim, unless he has shown a contract with the school board. The bounty laws authorized the board to bind the district in certain cases to pay bounties; but the possession by the board of the power, no more proves that the district is bound, than does the capacity of a natural person to make a contract establish that he has made one. It is here that the plaintiff's case utterly fails.

The case stated finds that the school district entered into no contract with him, and without such a contract he has no standing in court. Had the school directors offered a bounty unconditionally, and had the plaintiff after the offer put a substitute into the

[Foulke *v.* West Bethlehem Township.]

service, it would be assumed that he had done so on the faith of their proposition. That state of facts would have presented all the elements of a contract. But all that the case stated shows is, that the board, on the 11th of March 1865, resolved to levy a tax to the full extent of the law for the purpose of paying a bounty to volunteers, upon condition that a sufficient amount should be raised by voluntary contribution to make up the sum of $600 for each volunteer needed to fill the quota; and that the board believed this amount of voluntary contributions *was* raised. This was not an offer to pay out of the treasury of the district any specified sum. At most it was an offer to make provision for payment. Attaching, however, no importance to this consideration, it appears that this resolution was reconsidered two days afterwards, to wit, on the 13th of March 1865, and further action upon it was postponed. The case stated finds it was not rescinded; but reconsideration was as effective in making it inoperative as formal rescission would have been. When reconsidered, it was no longer a resolution of the school board. It was no longer an offer to any who might volunteer and be credited to the township, or to any one who might furnish a substitute. It was not, then, a proposition made to the plaintiff when he paid his money and procured his substitute. He furnished his substitute on the 16th of March 1865, three days after the resolution of the school board had ceased to have any existence. If, then, that resolution could be construed into an absolute agreement to pay a bounty, had the plaintiff furnished his substitute before its reconsideration, it cannot be when the substitute was obtained after the 13th of March. And nothing which occurred afterwards amounted to any contract with the plaintiff. After the 17th of March 1865, that is, after the substitute had been furnished, the school board resolved to issue bonds instead of levying a tax, with the understanding (as the case stated sets forth) that if a sufficient amount of money was not raised by a sale of the bonds to provide $400 for each volunteer of the entire quota of the township, all action in reference to the matter should be rescinded. The bonds were not sold and the condition, without the performance of which the resolution could have no effect, was not performed. It is idle to speak of this as a contract to pay the plaintiff $400, or to give him one of the bonds, which the district proposed to issue in the contingency specified. At most it was but an experiment that proved unsuccessful. It was an attempt to make preparation for an offer of bounties. To hold it an absolute engagement to pay, would be to make a contract for the parties where none was intended, and that too in favor of a party who did not furnish his substitute on the faith of it. There is then nothing in. the case stated that warrants a judgment for the plaintiff.

Judgment affirmed.